# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

---

№ 10-CV-6024 (JFB)

---

MICHAEL SWIATKOWSKI,

Appellant,

VERSUS

CITIMORTGAGE, INC.,

Appellee.

---

MEMORANDUM AND ORDER
September 19, 2011

---

JOSEPH F. BIANCO, District Judge:

The instant case is an appeal from the voluntary bankruptcy proceeding of debtor Michael Swiatkowski ("Swiatkowski" or "appellant"), under Chapter 13 of the Bankruptcy Code, in the United States Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Court"). In particular, appellant *pro se* appeals the October 20, 2010 Order (the "October 20 Order") of the Honorable Robert E. Grossman, granting relief from the automatic stay imposed under 11 U.S.C. § 362. On November 16, 2010, appellant filed a Notice of Appeal (the "Notice of Appeal") of the October 20 Order. CitiMortgage Inc. ("CitiMortgage" or "appellee") now moves to dismiss the instant appeal on the grounds that it is untimely pursuant to Rule 8002(a) of the Federal Rules of Bankruptcy Procedure. For the reasons set forth below, the Court grants appellee's motion to dismiss the appeal. Specifically, the Notice of Appeal is untimely and, thus, the Court lacks jurisdiction to consider it.[1]

---

[1] Appellee also argues, *inter alia*, that appellant failed to file a brief within fourteen days of the entry of appeal as required by Rule 8009 of the Federal Rules of Bankruptcy Procedure. Rule 8009(a) provides that "[t]he appellant shall serve and file a brief within 14 days after entry of the appeal on the docket." Where a party fails to comply with Rule 8009, the Court has discretion to dismiss the appeal. *See In re Tampa Chain Co.,* 835 F.2d 54, 55-56 (2d Cir. 1987) (affirming dismissal of bankruptcy appeal where defendants failed to file a brief for seven months after the due date and their attorney offered no explanation or excuse for that failure); *see also In re Best Payphones, Icn.,* 331 F. App'x 25, 26-27

I. BACKGROUND

A. The Underlying Bankruptcy Proceeding

On April 29, 2010, Swiatkowski filed a Voluntary Petition under Chapter 13 of the Bankruptcy Code. (Appellee's Ex., B.)[2] On July 16, 2010, CitiMortgage filed a motion seeking to dismiss the petition or relief from the automatic stay imposed under 11 U.S.C. § 362. (*See* October 20 Order at 1.) On October 20, 2010, the Bankruptcy Court vacated the automatic stay for a period of two years from the date of the entry of the Order. (*Id*. at 2.) In addition, the Bankruptcy Court ordered that the automatic stay would not attach to any subsequent bankruptcy petition filed within two years of the Order by Swiatkowski, his wife or daughter, and CitiMortgage may proceed in foreclosure against the property located at 7 Park Lane Place in Massapequa, NY.[3] (*Id*.)

B. Procedural History of the Instant Action

On November 16, 2010, appellant filed a Notice of Appeal of the Bankruptcy Court's Judgment. On December 29, 2010, appellant's Notice of Appeal was docketed by this Court. On the same day of the Notice of Docketing Bankruptcy Appeal, the Clerk of the Court directed that "[a]ppellant's brief shall be served and filed with 15 days after the entry of the appeal on the docket." Appellant did not file a brief within the allotted time. By letter dated February 3, 2011, appellee requested that the Court dismiss the appeal because appellant failed to file a brief and that the appeal was untimely

---

(2d Cir. 2009) (affirming dismissal where petitioner had not filed its brief "more than eight months after [it] filed its notice of appeal, more than four months after that appeal was docketed, and three months after receiving actual notice from court personnel"). Here, appellant's Notice of Appeal is dated November 16, 2010 and was docketed by this Court on December 29, 2010. As discussed *infra*, appellant has alternatively argued that he filed a brief with his Notice of Appeal and that the bankruptcy rules do not require him to file a brief. In any event, as discussed *infra*, to date, appellant has not filed a brief. Thus, the Court, in the alternative, agrees with appellee that, even if appellant's Notice of Appeal had been timely, appellant has failed to file a brief in accordance with Rule 8009, which is an additional basis for dismissal of the appeal.

[2]  Appellee's Exhibit B is the docket for the underlying bankruptcy proceeding.

[3]  For the purpose of additional background, this is not the first action before this Court involving the Swiatkowskis, CitiMortgage and the property at 7 Park Lane Place in Massapequa, NY. Specifically, on January 12, 2010, Lidia Swiatkowski, wife of appellant, brought an action alleging, *inter alia*, that defendants Citibank, Citigroup, and Citimortgage had violated her constitutional rights concerning the state court 2005 Judgment of Foreclosure and Sale of the above-referenced property. *See Swiatkowski v. Citibank*, 745 F. Supp. 2d 150 (E.D.N.Y. 2010) In its October 7, 2010 Memorandum and Order granting defendants' motion to dismiss that complaint, this Court recognized that the Swiatkowskis "ha[ve] a history of litigation involving duplicative lawsuits." *Swiatkowski v. Citibank*, 745 F. Supp. 2d at 175. Specifically, the Swiatkowskis have filed eight bankruptcy petitions (the underlying bankruptcy proceeding is the eighth) and multiple federal lawsuits in an attempt to raise claims in federal court relating to the state court foreclosure judgment with the "motivation" to delay the foreclosure proceeding at their home at 7 Park Lane Place in Massapequa, NY. (*Id*.) Finally, this Court noted that the Honorable Judge Spatt had previously warned plaintiff that the Court was considering issuing an order prohibiting any future lawsuits by the Swiatkowskis in the Eastern District of New York. (*Id*.)

2

pursuant to Rule 8002(a) of the Federal Rules of Bankruptcy Procedure. On February 11, 2011, appellant responded that appellee's allegation that he did not file a brief was inaccurate because he served his Designation of the Record and Statement of the Issues on Appeal on November 29, 2010. By letter dated February 14, 2011, appellee replied and argued that, under Rule 8009, appellant must file a brief *"after docketing of the appeal."* (ECF No. 8.) (emphasis in original)[4] On February 23, 2011, contrary to his prior position, appellant argued that the bankruptcy rules do not require him to file a brief, only a Statement of the Issues. (ECF No. 9.)[5]

On June 8, 2011, appellee moved to dismiss on the grounds that the instant appeal is untimely pursuant to Rule 8002(a). On June 17, 2011, appellant filed his response. On June 24, 2011, appellee replied, and appellant filed a sur-reply on July 5, 2011. This matter is fully submitted and the Court has considered all submissions and arguments of the parties.

---

[4] In an abundance of caution, the Court conducted an independent review of appellant's Notice of Appeal, including his Designation of the Record and Statement of the Issues, which encompasses over one-thousand two-hundred pages, and the Court did not find any brief by appellant.

[5] Appellant styled his response as an application for default judgment. On February 24, 2011, the Clerk of the Court inadvertently made an entry of default stating that appellee "ha[d] not filed an answer or otherwise moved with respect to the complaint." The Clerk of the Court corrected this error and vacated the entry of default on March 2, 2011, stating that "this matter is an appeal from the entry of an order lifting the automatic stay . . . and there is no brief or complaint." (ECF No. 12.)

II. DISCUSSION

Federal Rule of Bankruptcy Procedure 8002(a) requires that the appellant file a Notice of Appeal within fourteen days of the order appealed from.[6] Construing this provision, the Second Circuit has held:

> We . . . follow our sister circuits in holding that the time limit contained in Rule 8002(a) is jurisdictional, and that, in the absence of a timely notice of appeal in the district court, the district court is without jurisdiction to consider the appeal, regardless of whether the appellant can demonstrate excusable neglect.

*Siemon v. Emigrant Savings Bank*, 421 F.3d 167, 169 (2d Cir. 2005) (quotation marks omitted) (agreeing with district court's dismissal of *pro se* appellant's bankruptcy appeal on grounds that district court lacked jurisdiction to hear appeal because Notice of Appeal was untimely pursuant to Rule 8002(a)); *see also Delafield 246 Corp. v. City of New York*, No. 07-CV-6238, 2007 U.S. Dist. LEXIS 85356, at *3-*4 (S.D.N.Y. Nov. 13, 2007) (dismissing bankruptcy appeal on jurisdictional grounds where appellant filed untimely Notice of Appeal); *In re Norman Schapiro*, No. 06 Civ. 2685, 2006 U.S. Dist. LEXIS 56474, at *4 (S.D.N.Y. Aug. 15, 2006) (holding that *pro se* "Appellant's Notice of Appeal was not timely filed. Compliance with Rule 8002 is mandatory and jurisdictional."); *In re Premier Operations*, 290 B.R. 33, 37 (S.D.N.Y. 2003) ("failure to file a timely notice of appeal deprives the district court of jurisdiction to review the bankruptcy court's

---

[6] Appellant's deadline to file a Notice of Appeal includes weekends and holidays. *See* Fed. R. Bankr. P. 9006(a).

3

orders.") Accordingly, pursuant to Rule 8002(a), appellant had fourteen days until November 3, 2010, to file a Notice of Appeal of the October 20 Order. Here, however, twenty-seven days elapsed between the October 20 Order and the time appellant filed the Notice of Appeal on November 16, 2010. The Notice of Appeal is, therefore, untimely and the Court lacks jurisdiction to consider it.[7]

### III. CONCLUSION

For the foregoing reasons, appellee's motion to dismiss this appeal is granted.[8] The Clerk of the Court shall close the case.

SO ORDERED.

_____

JOSEPH F. BIANCO
United States District Judge

Dated: September 19, 2011
Central Islip, NY

\* \* \*

Appellant is proceeding *pro se*. Appellee is represented by Bennett R. Katz, Katz & Rychik PC, 116 John St. 7th Floor, New York, New York 10038.

---

[7] The Court is aware that Rule 8002 permits the bankruptcy judge to extend the time for filing a notice of appeal under certain circumstances—namely, "[a] request to extend the time for filing a notice of appeal must be made by written motion filed before the time for filing a notice of appeal has expired, except that such a motion filed not later than 21 days after the expiration of the time for filing a notice of appeal may be granted upon a showing of excusable neglect. An extension of time for filing a notice of appeal may not exceed 21 days from the expiration of the time for filing a notice of appeal otherwise prescribed by this rule or 14 days from the date of entry of the order granting the motion, whichever is later." Fed. R. Bankr. P. 8002(c)(2). Here, appellant failed to file any request for an extension to submit his Notice of Appeal, timely or otherwise.

[8] Because the Court finds that appellant's Notice of Appeal was untimely filed, and this Court lacks jurisdiction over it, the Court need not review the Bankruptcy Court's legal conclusions *de novo* and its factual findings for clear error pursuant to Fed. R. Bankr. P. 8013.

4